# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2017

Lyle W. Cayce
Clerk

No. 16-20398

CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CIGNA HEALTH AND LIFE INSURANCE COMPANY,

　　　　Plaintiffs - Appellants

v.

HUMBLE SURGICAL HOSPITAL, L.L.C.,

　　　　Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

We are tasked with deciding whether the district court erred when it granted judgment for Humble Surgical Hospital ("Humble") on its claims for damages against the Connecticut General Life Insurance Company and its parent-corporation, Cigna Health and Life Insurance Company, (collectively, "Cigna") under the Employee Retirement Income Security Act of 1974 (ERISA) §§ 502(a)(1)(B) and 502(a)(3). The district court failed to apply the required abuse of discretion analysis; other courts have upheld Cigna's interpretation of its insurance plans; and there was substantial evidence supporting Cigna's interpretation. Accordingly, we reverse the district court. Moreover, as Cigna

No. 16-20398

is not a named plan administrator, we reverse the district court's award of ERISA penalties against Cigna. We vacate in part the district court's dismissal of Cigna's claims against Humble. Finally, we vacate the district court's award of attorneys' fees and remand for further consideration.

## FACTS AND PROCEEDINGS

Cigna is a managed healthcare company that oversees both ERISA and welfare benefit plans, as well as private policies for health insurers. Humble is a five-bed, physician-owned hospital in Harris County, Texas, that is considered an "out-of-network" provider under Cigna insurance plans. Between 2010 and the commencement of this suit in 2016, it performed hundreds of non-emergency procedures on Cigna members.

As part of its admissions process, Humble required patients to sign a form that included an irrevocable "Assignment of Benefits"—which made Humble the beneficiary of ERISA plans and non-ERISA contracts. The admissions form also included a personal guarantee that the patient would "pay . . . for all services and products administered to the patient." For each claim submitted to Cigna, Humble certified that it had previously acquired this assignment of benefits.

For several months after Humble opened, Cigna processed Humble's claims without dispute, relying on two third-party repricing entities to negotiate "allowable" amounts and pricing agreements. Then in October 2010—after processing a $168,980 charge for "a fairly noncomplex, outpatient surgical procedure"—Cigna began flagging Humble's claims and funneling them through its Special Investigations Unit. As part of its investigation, Cigna sent surveys to all of its members who had received treatment at Humble and had their claims paid by Cigna. On the basis of 113 members' responses, Cigna concluded that Humble was engaged in "fee-forgiving"—i.e.,

waiving patients' co-insurance or deductible fees. Cigna also concluded that Humble was intentionally inflating its prices to increase reimbursement fees.

In 2011, Cigna forwarded Humble an inquiry, seeking an explanation of Humble's collection policy regarding patient deductibles, co-pays, and co-insurances. It further requested the patient ledgers of ten specific patients. In response, Humble assured Cigna that "it is the policy of [Humble] to hold its patients responsible for the full payment of their respective out-of-network responsibilities and obligations for services rendered at our facility." It also provided Cigna with a summary chart containing "collection notes" for each of the specified accounts. Nevertheless, Cigna continued to suspect Humble was engaged in fee-forgiving, and refused to process Humble's claims without proof that the member had fully paid his co-pay or co-insurance. If a member paid less than his full co-pay or co-insurance, Cigna would pay what it deemed to be its "proportionate share," in accordance with Cigna's own interpretation of the exclusionary language contained in its self-funded plans.[1]

Cigna sued Humble, seeking over $5 million in alleged overpayments. Humble then counterclaimed under ERISA and Texas state common law, alleging among other things: (1) underpayment, nonpayment, or delayed payment of 595 claims; (2) breach of fiduciary duty; and (3) failure to comply with requests for plan documents.

After a nine-day bifurcated bench trial, Humble moved for Judgment on Partial Findings, which the district court granted. The district court concluded that Cigna's claims and defenses failed as a matter of law. The district court awarded Humble $11,392,273 in damages and $2,299,000 in penalties.

---

[1] For a detailed explanation of how Cigna calculated its "proportionate share," *see North Cypress Medical Center Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 189–190 (5th Cir. 2015).

No. 16-20398

Both parties then moved for attorneys' fees. The district court denied Cigna's motion and awarded Humble $2,743,790 in attorneys' fees. Cigna timely appealed.

## STANDARD OF REVIEW

"On appeal from a bench trial, this court review[s] the factual findings of the trial court for clear error and conclusions of law *de novo.*" *George v. Reliance Standard Life Ins. Co.*, 776 F.3d 349, 352 (5th Cir. 2015) (internal quotation marks omitted) (alterations in original). "Under de novo review, we apply the same standard to the Plan Administrator's decision as did the district court." *Id.* (quoting *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009)). "[W]hen an administrator has discretionary authority with respect to the decision at issue, the standard of review should be one of abuse of discretion." *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 295 (5th Cir. 1999) (en banc), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

## DISCUSSION

### I. Cigna's Exclusionary Language Defense

Cigna contends that "[t]he district court's judgment that Cigna underpaid Humble's claims should be reversed." Cigna does not dispute that it consistently refused to pay the billed charges on hundreds of its member accounts for medical procedures performed at Humble. Instead, Cigna raised its interpretation of the exclusionary language in its plans as an affirmative defense. Cigna argues that the district court erred by concluding that this defense failed as a matter of law. We agree.

Because "the various plans at issue vest [Cigna] with discretionary authority to determine eligibility for benefits," we apply the abuse of discretion standard—as the district court should have. The Fifth Circuit has adopted a multi-step process for determining whether a plan administrator such as Cigna

4

abused its discretion in construing a plan's terms. "The first question is whether Cigna's reading of the plans is 'legally correct.'" *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare,* 781 F.3d 182, 195 (5th Cir. 2015). "If so, the inquiry ends and there is no abuse of discretion." *Stone v. UNOCAL Termination Allowance Plan*, 570 F.3d 252, 257 (5th Cir. 2009) (citing *Crowell v. Shell Oil Co.*, 541 F.3d 295, 312 (5th Cir. 2008)). "Alternatively, if the court finds [Cigna's] interpretation was legally incorrect, the court must then determine whether [Cigna's] decision was an abuse of discretion." *Id.* "This is the functional equivalent of arbitrary and capricious review: '[t]here is only a semantic, not a substantive, difference between the arbitrary and capricious and the abuse of discretion standards in the ERISA benefits review context.'" *Anderson v. Cytec Indus., Inc.* 619 F.3d 505, 512 (5th Cir. 2010) (quoting *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 214 (5th Cir. 1999)). "A decision is arbitrary if it is made without a rational connection between the known facts and the decision." *Id.* (internal quotation marks omitted). Finally, we determine whether Cigna's "decision to deny benefits" was "supported by substantial evidence." *Id.* (citing *Ellis v. Liberty Life Assurance Co. of Bos.*, 394 F.3d 262, 273 (5th Cir. 2004)). We are not "confined to this test" and may "skip the first step if" it "can more readily determine that the decision was not an abuse of discretion." *Holland*, 576 F.3d at 246 n.2.

Cigna contends that "the district court failed to apply this court's three-step abuse-of-discretion inquiry" correctly, arguing that "the district court got the first step wrong, and it failed to apply the second and third steps at all." Cigna is correct that the district court failed to consider whether Cigna's interpretation was arbitrary or whether it was supported by substantial evidence. We perform this analysis here.

No. 16-20398

## A. Legal Correctness

Each of the relevant plans at issue contains the following provision: "Payment for the following is specifically excluded from this plan: . . . charges which you [the member] are not obligated to pay or for which you are not billed or for which you would not have been billed except that they were covered under this plan." Cigna has interpreted this language to mean that its "obligation to reimburse a plan member is . . . limited to the expenses actually *incurred* by the member, meaning that the member is obligated to pay for the services. Thus, if the member has no obligation to pay, then Cigna has no obligation to pay."

Although the Fifth Circuit has previously suggested (without deciding) that this reading might be legally incorrect, *N. Cypress*, 781 F.3d at 196, here we "skip" this step. *Holland*, 576 F.3d at 246 n.2.

## B. Abuse of Discretion

We agree with Cigna's argument that, even if its construction of the plans' exclusionary language was legally incorrect, its interpretation still fell within its broad discretion. The Supreme Court has explained that deference to the plan administrator's decisions "serves the interest of uniformity, helping to avoid a patchwork of different interpretations of a plan, like the one here, that covers employees in different jurisdictions—a result that 'would introduce considerable inefficiencies in benefit program operation, which might lead those employers with existing plans to reduce benefits, and those without such plans to refrain from adopting them.'" *Conkright v. Frommert*, 559 U.S. 506, 517 (2010) (quoting *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 11 (1987)). As such, a plan administrator does not abuse its discretion when construing plan provisions unless its interpretation is "arbitrary or capricious." *Meditrust*, 168 F.3d at 214 (quoting *Penn v. Howe-Baker Eng'rs, Inc.*, 898 F.2d 1096, 1100 (5th Cir. 1990)). As noted earlier, "[a] decision is arbitrary only if made without

6

a rational connection between the known facts and the decision." *Id.* at 215 (internal quotations omitted). In making this inquiry, we ordinarily would consider "whether Cigna had a conflict of interest, as well as the internal consistency of the plan and the factual background of the determination and any inferences of lack of good faith." *N. Cypress*, 781 F.3d at 196 (internal quotation marks omitted) (footnote omitted).

We need not review these factors today, however. Other courts have held that, where an administrator's interpretation is supported by prior case law, it cannot be an abuse of discretion—even if the interpretation is legally incorrect. *See, e.g.*, *Hinkle ex rel. Estate of Hinkle v. Assurant Inc.*, 390 F. App'x 105, 108 (3d Cir. 2010) (holding that usually "where the courts of appeals are in disagreement on an issue, a decision one way or another cannot be regarded as arbitrary or capricious"); *McGuffie v. Anderson Tully Co.*, No. 3:13-cv-888(DCB)(MTP), 2014 WL 4658971, at *3–4 (S.D. Miss. Sept. 17, 2014) (holding that administrator did not abuse its discretion where "case law supports the Plan's interpretation . . . prior to suit" and the administrator's decision is supported by substantial evidence). We do not adopt this reasoning as a bright-line rule because even if a legally incorrect interpretation is supported by prior case law, employing the interpretation could cause a plan administrator to abuse its discretion. Under the present circumstances, however, we conclude Cigna did not abuse its discretion.

At least two other courts have effectively or explicitly concluded that the provision at issue here was legally correct. *Kennedy v. Connecticut General Life Insurance Co.* concerned the interpretation of a nearly-identical exclusionary provision—"[n]o payment will be made for expenses incurred . . . (5) for charges which the Employee or Dependent is not legally required to pay." 924 F.2d 698, 701 (7th Cir. 1991) (alteration in original). There, the Seventh Circuit stated the provision "means that the patient must be legally responsible for the whole

charge." *Id.* Likewise, a district court from the Southern District of Texas concluded that Cigna's interpretation *of this exact provision* was legally correct. Although the Fifth Circuit vacated this opinion on other grounds in 2015, *N. Cypress*, 781 F.3d at 196, it was good law for most of the relevant period that Cigna was interpreting the disputed plan language here.

In these circumstances, we agree with a district court that stated, "the fact that [at least] two courts have upheld interpretations similar to that of [Cigna] is dispositive of the issue"—"arguably the fact that two courts have found [Cigna's] interpretation of the policy language reasonable itself establishes that the interpretation does not constitute an abuse of discretion." *Fitzgerald v. Colonial Life & Acc. Ins. Co.*, No. JFM-12-38, 2012 WL 1030261, at *3 (D. Md. Mar. 26, 2012).

### *C. Substantial Evidence*

Because we agree that Cigna's interpretation fell within its discretion, we must decide whether Cigna's "sweeping response to [Humble's] charges was based on substantial evidence." *N. Cypress*, 781 F.3d at 196 (internal quotation marks omitted). In other words, having concluded that Cigna could interpret its plan to prohibit fee-forgiving, we must decide whether there was substantial evidence that Humble actually engaged in fee-forgiving. The district court did not address this question.

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Corry v. Liberty Life Assurance Co. of Bos.*, 499 F.3d 389, 398 (5th Cir. 2007) (internal quotations omitted). In making this inquiry, we are "constrained to the evidence before the plan administrator." *Killen v. Reliance Standard Life Ins. Co.*, 776 F.3d 303, 312 (5th Cir. 2015) (quoting *Vega,* 188 F.3d at 299).

No. 16-20398

As part of its investigation, Cigna sent surveys to members who had received medical treatment at Humble, requesting "additional information." Among other things, the surveys asked what the member had been told regarding "responsibility for any non-paid costs, i.e., deductible, coinsurance." Cigna received 154 responses. Many members indicated that Humble had informed them that they would not be charged their full member cost-share. For example, Member "R.R." received $25,191.00 worth of care at Humble. She spoke with Humble before the surgery and four months after surgery and was informed that "everything was covered [at] 100%." Under her insurance plan, she should have been billed $2,745.83. Likewise, Member "M.N." was charged just $276 for $27,600.00 worth of treatment and told that this amount "was all [he] was responsible for." Humble should have charged M.N. $6,974.49 under the plan. Cigna argues that "[t]hese records clearly supported Cigna's belief that Humble was fee-forgiving." We agree. Accordingly, we reverse the district court's judgment that Cigna underpaid Humble's claims and abused its discretion under ERISA § 502(a)(1)(B).[2]

## D. Breach of Fiduciary Duty

Cigna further argues that "[t]he district court's holding that Cigna breached its fiduciary duties under ERISA § 502(a)(3) . . . should be reversed for the same reasons Humble's 502(a)(1)(B) claims should have failed." We agree that the two claims succeed or fail in tandem as the exclusionary language defense applies equally to both. For the reasons described above, we reverse the district court on this issue as well.

---

[2] In light of this reversal, we do not address Cigna's alternative arguments that Humble did not receive valid assignments from patients and that Humble failed to exhaust its administrative remedies.

No. 16-20398

## II. ERISA Penalties

Cigna argues that "the district court's assessment of ERISA penalties should be reversed" because "the penalty applies only to named plan administrators, which Cigna is not." We agree.

This issue references Humble's ERISA § 502(c) claim. Under § 502(c), "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary" for civil penalties up to $100 per day. 29 U.S.C. § 1132(c)(1). ERISA defines the term "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated," or, "if an administrator is not so designated, the plan sponsor." *Id.* § 1002(16)(A).

The district court acknowledged that "the evidence establishes that Cigna is not the 'designated' or named plan administrator." And Cigna is not the "plan sponsor" or employer. Nevertheless, the district court concluded that Cigna "became the *de facto* plan administrator by way of its conduct and admissions under an ERISA-estoppel theory." The district court then found that Cigna had violated § 502(c) for 220 days and assessed $2,299,000 in penalties—$25 per day per claim on 418 claims.

The Fifth Circuit has never adopted the *de facto* plan administrator theory. The closest it came was in *Fisher v. Metropolitan Life Insurance Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990), where the court opined that the argument "has intuitive appeal," but later refused to "resolve the question." *Id.* But "[t]he *de facto* administrator argument has been flatly rejected by at least eight circuits." *Elite Ctr. for Minimally Invasive Surgery, LLC v. Health Care Serv. Corp.*, 221 F. Supp. 3d 853, 861 (S.D. Tex. 2016) (collecting cases). Another two circuits "have refused to extend the *de facto* administrator doctrine to an

10

No. 16-20398

insurance company involved in claims handling," such as Cigna. *Id.* We find these cases persuasive. *See, e.g.*, *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 62 (4th Cir. 1992) ("While it is true that an insurer will usually have administrative responsibilities with respect to the review of claims under the policy, that does not give this court license to ignore the statute's definition of plan administrator and to impose on [the insurer] the plan administrator's notification duties."). And we see no reason to create a circuit split. Accordingly, we reverse the district court's award of ERISA § 502(c) penalties to Humble.[3]

### III. Cigna's Claims

Cigna argues that "[t]he district court committed several reversible errors in dismissing Cigna's claims." It specifically contends that the district court erred by dismissing its fraud claims.[4]

Under Texas law, fraud occurs when: (1) a party makes a material misrepresentation; (2) the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of its truth and as a positive assertion; (3) the misrepresentation is made with the intention that it should be acted on by the other party; and (4) the other party relies on the misrepresentation and thereby suffers. *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 566 (5th Cir. 2005) (citing *Ernst &*

---

[3] Because we reverse the district court's award of ERISA § 502(c) penalties, we do not address Humble's alternative argument that these penalties are inappropriate because Humble never gave Cigna written release authorizations from plan members.

[4] Cigna also argues that the district court "construed too narrowly the overpayment recovery language in the plans . . . to deny Cigna's ERISA § 502(a)(3) claim." In a footnote, Cigna argues that the district court's "requirement that tracing be accomplished at trial . . . was also premature." Because both of these issues are insufficiently briefed, we consider them abandoned. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (finding arguments abandoned when brief fails to contain "the reasons [appellant] deserves the requested relief with citation to the authorities, statutes and parts of the record relied on." (internal quotation marks omitted)).

11

*Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Fraud can also occur through non-disclosure of material facts when the non-disclosing party had a duty to disclose. *White v. Zhou Pei,* 452 S.W.3d 527, 537 (Tex. Ct. App. 2014).

At trial, Cigna argued that Humble had committed fraud by: (1) "inflat[ing] the total billed charges on its UB-04s to cover" a 30% kickback to the referring physicians; and (2) misrepresenting its "actual charges by billing Cigna for amounts Humble never intended to collect from members." But the district court's fraud analysis focused only on Cigna's first theory, dismissing Cigna's fraud claim on grounds that "Cigna ha[d] not proffered a written agreement that . . . gives rise to a duty to disclose the [Use Agreements]." The district court failed to address whether Cigna had proven that Humble *affirmatively* misrepresented the actual charges by overbilling Cigna. Because this failure constitutes error, we vacate the district court's dismissal and remand these issues to the district court for further consideration.

Cigna also argues that the district court erred by "refus[ing] to let Cigna present evidence of" Humble's alleged kickbacks to referring physicians. "We review exclusions of evidence for abuse of discretion." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643–44 (5th Cir. 2005). "Furthermore, even if abuse of discretion in the . . . exclusion of evidence is found, the error is reviewed under the harmless error doctrine." *United States v. Jimenez Lopez*, 873 F.2d 769, 771 (5th Cir. 1989). "[E]videntiary rulings must be affirmed unless they affect a substantial right of the complaining party." *Id.* Cigna, however, has not identified in its brief how the excluded evidence relates to an allegedly material misrepresentation or omission. The district court did not abuse its discretion with respect to this issue.

No. 16-20398

## IV. Attorneys' Fees

Finally, Cigna argues that "the attorneys' fee award should be reversed." "This court reviews an award of attorneys' fees for abuse of discretion, reviewing factual findings for clear error and legal conclusions *de novo.*" *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs. Inc.,* 703 F.3d 835, 846 (5th Cir. 2013) (citing *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008)). "Pursuant to 29 U.S.C. § 1132(g)(1) of ERISA, this court in its discretion may allow a reasonable attorney's fee and costs of action to either party so long as the party has achieved some degree of success on the merits." *Id.* (internal quotation marks omitted).

The district court's grant of Humble's motion for attorneys' fees below was based on across-the-board success: "[o]n the merits, Humble successfully defended against Cigna's suit and achieved success on its own cause of action." We vacate and remand for reconsideration in light of this opinion and further proceedings below.

## CONCLUSION

For the aforementioned reasons, we (1) REVERSE the district court's decision with respect to Cigna's exclusionary language defense; (2) REVERSE the district court's ERISA penalty determination; (3) VACATE IN PART the district court's dismissal of Cigna's claims and REMAND for further factual findings pursuant to this opinion; and (4) VACATE the district court's award of attorneys' fees and REMAND for reconsideration.