# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2026

Lyle W. Cayce
Clerk

———————

No. 25-60197

———————

Frank Merchant; Dorothy D. Merchant,

*Plaintiffs—Appellants*,

*versus*

Billy C. Merchant,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-665

_____

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Frank Merchant and his wife Dorothy (Dot) deeded their house to Frank's twin brother Billy to evade creditors. When Billy refused to return it, Frank and Dot sued. They did so without properly investigating their claims. And during the lawsuit, they made frivolous arguments, advanced inconsistent and false justifications for their actions, and refused to negotiate

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60197

settlement in good faith. After they lost at trial, the district court awarded Billy attorney fees.

Frank and Dot (plaintiffs) appeal the fee award. Because their lawsuit was frivolous, we affirm in part. But we vacate the award of appellate fees because the request for those fees was tardy.

## I. Background

**A. Plaintiffs sue to recover the Farm, but their unclean hands barred recovery.**

Plaintiffs and Billy disputed who owns a parcel of farmland in Leake County, Mississippi ("the Farm"). Plaintiffs deeded the Farm to Billy in 2006. They recorded the Deed the same year. Plaintiffs initially claimed the conveyance was "for safekeeping while Frank was" deployed to Afghanistan. But really, it was to shield the Farm from creditors.

Over the next decade, plaintiffs demanded the Farm back several times. But to both their and Billy's claimed recollections, he never deeded it back to them. In July 2016, Billy sold the Farm to his (and Frank's) cousin George Harkins. Billy executed a deed to Harkins and recorded it in Leake County on July 15.

Dot was the Chancery Clerk of Leake County. So she and Frank immediately discovered the attempted conveyance, and sued to stop it in state court. They "proclaimed themselves . . . the rightful owners of the [Farm], and sought to recover" it. Billy removed the case to federal court. The district court denied plaintiffs' motion to remand.

In November 2016, plaintiffs discovered that Billy had, in fact, deeded the Farm back to them in 2005. But Dot had apparently "put [the deed] in a file cabinet and forgot about it" until November 2016. Plaintiffs recorded the deed the next month.

No. 25-60197

Soon after finding the deed, plaintiffs amended their complaint. Adding Harkins, they now alleged that he and Billy had conspired to deprive them of the Farm. Plaintiffs urged the district court to declare them the Farm's rightful owners, and to order Harkins to return it.

The parties moved for summary judgment. Finding a genuine factual dispute, the district court summarily denied the motions. So the case proceeded to a bench trial.

Billy and Harkins prevailed. The district court found that, because plaintiffs deeded the property to Billy to evade their creditors, their unclean hands barred recovery. And the court declared that Harkins, as a good-faith purchaser for value, rightfully owned the Farm. Our court summarily affirmed. *Merchant v. Merchant*, No. 22-60009, 2022 WL 3134225, at *1 (5th Cir. Aug. 5, 2022).

**B. On remand, the district court found the lawsuit frivolous and awarded Billy attorney fees.**

On remand, the district court granted Billy attorney fees under the Mississippi Litigation Accountability Act (MLAA). In granting fees, it found these considerations most relevant:

- Plaintiffs frivolously claimed that the Farm was worth less than $75,000 to defeat diversity jurisdiction. Yet soon after alleged that it was worth $100,000.

- Instead of properly investigating their claims, plaintiffs sued Billy alleging "multiple inconsistent and [occasionally] false explanations for" their actions.

- As Chancery Clerk, Dot should have understood that the deed she found and recorded in 2016 was invalid.

- Throughout the trial, plaintiffs lied under oath about why they gave Billy the Farm.

- Plaintiffs should have known that deeding the Farm to someone to evade creditors was wrongful, and would bar recovery.
- Plaintiffs didn't engage in the settlement conference in good faith.

So the district court directed Billy to submit itemized fees, along with proof. Billy did so, and the district court awarded Billy fees of $172,118.75.

## II. Standard of Review

We review the grant of attorney fees for abuse of discretion. *See N. Cypress Med. Cntr. Op. Co. v. Cigna Healthcare*, 952 F.3d 708, 713 (5th Cir. 2020). We review underlying factual findings for clear error; and legal conclusions de novo. *Shelton v. La. State*, 919 F.3d 325, 328 (5th Cir. 2019).

## III. Discussion

Plaintiffs appeal the district court's attorney fee award. They argue that it: (A) improperly found their lawsuit was frivolous; and (B) failed to consider the "substantive legal merit" of their fee-reduction arguments.[1] We reject their challenge to the fee award generally. But because Billy requested appellate fees more than 14 days after judgment, we vacate that award.

**A. The district court did not abuse its discretion when it awarded attorney fees generally.**

The district court granted Billy fees under the MLAA. Under it, a court must award reasonable attorney fees and costs when a party sues "without substantial justification." Miss. Code Ann. § 11-55-5(1). A claim lacks substantial justification if "it is frivolous, groundless in fact or in

---

[1] Because plaintiffs do not challenge the reasonableness of Billy's fee award, they abandon the argument. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

law, or vexatious." § 11-55-3(a). If a party "objectively" has "no hope of success," their lawsuit is frivolous. *McBride v. Meridian Pub. Improvement Corp.*, 730 So. 2d 548, 554 (Miss. 1998) (citation modified).

Plaintiffs advance two arguments. Neither persuades.

First, they maintain that because their lawsuit survived summary judgment, it could not be frivolous. Of course, whether a lawsuit survives a dispositive motion is relevant. *See Nichols v. Munn*, 565 So. 2d 1132, 1137 (Miss. 1990); *Knights' Piping, Inc. v. Knight*, 123 So. 3d 451, 461 (Miss. Ct. App. 2012). But just because a case survives a dispositive motion, does not mean that it *cannot* be frivolous.

Other considerations remain relevant. Such as: whether plaintiffs attempted to determine the lawsuit's validity, "whether . . . the action was prosecuted . . . in bad faith," and whether they ultimately succeeded. *See* Miss. Code Ann. § 11-55-7(a), (d), (f). Also relevant is whether they claimed an interest that they knew "was without foundation, and . . . continued to claim [the] interest . . . long after [their] attorney knew that [they] had none." *See Foster v. Ross*, 804 So. 2d 1018, 1025 (Miss. 2002).

The lawsuit surviving summary judgment was probative, but did not outweigh other indicia of frivolity. Facts were disputed. But plaintiffs misrepresented fundamental aspects of their claim to create those disputes. The district court could not judge credibility on a summary-judgment motion. *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018). But at the bench trial, it could. *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000). Once it did, it unearthed plaintiffs' misrepresentations, revealing that they never had a hope of success.

In other words, plaintiffs' improper conduct allowed them to survive summary judgment. In this unusual circumstance, it was no abuse of discretion for the district court to find the lawsuit frivolous.

No. 25-60197

Next, plaintiffs maintain that the district court erred when it "focus[ed] . . . on the underlying conduct giving rise to the suit and not the litigation process itself."

Yet plaintiffs were not assessed fees because they conveyed the Farm to Billy to evade creditors. Instead, the district court assessed fees because of their behavior during this lawsuit. They failed to properly investigate their claims, asserted false and inconsistent theories, frivolously sought remand, and misrepresented their claims under oath. So it was plaintiffs' attempt to hide their underlying conduct from the court that resulted in a fee award, not the conduct itself.

**B. The district court abused its discretion when it granted appellate attorney fees.**

Plaintiffs also urge us to reduce the fee amount. Some of their arguments repackage their generalized opposition to attorney fees, which we have already rejected.[2] But we are persuaded by one: that we should vacate the $25,000 appellate-fee award because Billy did not prospectively request appellate fees.

A successful party may petition for attorney fees in two ways. *Roberts v. Brinkerhoff Inspection, Inc.*, 855 F. App'x 222, 222–23 (5th Cir. 2021) (per curiam) (mem.). They may move this court under the local rules. 5th Cir. Loc. R. 47.8. Or they may move under Rule 54 in the district court. Fed. R. Civ. P. 54(d). If they move in the district court, the party must do so within 14 days of final judgment. *Id.* 54(d)(2)(B)(i). This motion must "alert the

---

[2] Such as, that the attorney fees should be reduced to a "nominal sum" because it was a "close question" whether fees should be awarded. Or that the fee should be reduced to cover only fees incurred defending the motion to remand, because that was the only litigation conduct for which they were sanctioned. Neither contention is any more persuasive repackaged as a fee-reduction argument.

adversary and the court that there is a claim for fees," and provide "the amount of such fees (or a fair estimate)." FED. R. CIV. P. 54 advisory committee's note to 1993 amendment.

The award of appellate fees here was improper. Billy never moved for fees in the previous appeal.[3] And Billy's December 2021 motion for fees asked only for "fees expended . . . through trial." This motion neither alerted plaintiffs and the district court to the request for appellate fees, nor provided them with a fair estimate. Billy's first request for appellate fees was after the mandate issued from the first appeal—nearly a year after judgment. "[A]bsent a new judgment, a new period for requesting fees [does] not begin after we affirm[]." *Roberts*, 855 F. App'x at 223 (citing FED R. CIV. P. 54 advisory committee's note to 1993 amendment). Hence, Billy's request for appellate fees was untimely. We thus vacate the district court's grant of appellate fees.

No doubt, Rule 54 allows a district court to vary the fee-request deadline. FED. R. CIV. P. 54(d)(2)(B). But only by "court order." *Id.* The district court here never issued an order varying Rule 54's requirements. So the fee-request deadline remained unchanged, and the district court could not issue appellate fees. Nor could it tacitly vary Rule 54's deadline by ignoring it. We agree with the dissent that Rule 56's mechanical application here yields an odd result: it required Billy to move for appellate fees before plaintiffs noticed their appeal. Yet as always, the Rule's plain text controls, which we cannot vary to allocate fees to the most deserving party.

---

[3] Although we assigned plaintiffs costs, "the routine allocation of appellate costs under Federal Rule of Appellate Procedure 39 is distinct from the recovery of attorneys' fees." *Zimmerman v. City of Aus.*, 969 F.3d 564, 571 (5th Cir. 2020).

No. 25-60197

\* \* \*

While the district court properly awarded attorney fees, it should not have awarded appellate fees. So we AFFIRM the district court in part, and VACATE its grant of appellate attorney fees. We REMAND for the district court to enter a new judgment consistent with this opinion.